IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHARLA STANGE and EDWARD VON STANGE,<br><br>    Plaintiffs,<br><br>vs.<br><br>ROBYN BURGE, in her individual capacity, JASON SANCHEZ, in his individual capacity, NICK WILSON, in his individual capacity, JOHNNY YARA, in his individual capacity, TERRY STEPHENSON, in his individual capacity, JOHN DOES and JANE DOES (Albuquerque Police Department), in their individual capacities, and JOHN DOES and JANE DOES (Metropolitan Detention Center), in their individual capacities,<br><br>    Defendants. | No. 1:12-cv-00211-PJK-LFG |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of the County Defendants' Motion to Dismiss No. 1: Dismissal of Plaintiffs' Fourteenth Amendment Excessive Force and Illegal Seizure Claims filed October 2, 2012. Doc. 31. Upon consideration thereof, the County Defendants' motion is well taken and should be granted.

Background

On March 5, 2009, Plaintiffs Charla Stange and her son Charles Von Stange were arrested on suspicion of buying and selling stolen goods. Amended Complaint, Doc. 25 ¶¶ 9–14. At the time of the arrests, Mrs. Stange suffered from chronic obstructive pulmonary disease and required regular oxygen intake through breathing tubes. Id. ¶ 16. Plaintiffs allege that they advised the Albuquerque police officers of her condition and need for continuous use of an oxygen tank. Id. ¶¶ 18–19. They assert that Mrs. Stange nevertheless was deprived of additional oxygen for several hours during her detention, causing her to suffer oxygen deprivation and requiring medical attention. Id. ¶¶ 27–34. Plaintiffs further allege that Mr. Von Stange was handcuffed for an excessively long time period, causing numbness in his hands for months. Id. ¶¶ 43, 45, 47–53.

Plaintiffs assert constitutional deprivations under the Fourth and Fourteenth Amendments and bring these claims pursuant to 42 U.S.C. § 1983. Doc. 25 ¶¶ 69–80. They allege that County Defendants used excessive force in depriving Mrs. Stange of access to her oxygen and in keeping Mr. Von Stange handcuffed for a prolonged period of time. Id. ¶¶ 29–30, 50–52, 71. They further allege that they were unlawfully subjected to a warrantless search and seizure. Id. ¶¶ 81–85. County Defendants seek dismissal of Plaintiffs' excessive force and unlawful

seizure claims brought under the Fourteenth Amendment. Doc. 31.

## Discussion

A claim of excessive force during an investigatory stop "is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." Graham v. Connor, 490 U.S. 386, 394 (1989). The Supreme Court held in Graham that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Id. at 395. Because Plaintiffs here make claims of excessive force during a seizure, the Fourth Amendment rather than the Fourteenth, must guide the court's analysis of these claims.

An illegal seizure claim likewise is analyzed under the Fourth Amendment rather than the Fourteenth. See Austin v. Hamilton, 945 F.2d 1155, 1160 (10th Cir. 1991), abrogated on other grounds by Johnson v. Jones, 515 U.S. 304, 313 (1995). In Austin, the Tenth Circuit made clear that it is the Fourth Amendment's protections that "impose restrictions on the treatment of the arrestee detained without a warrant." Id. As the Supreme Court in Graham reasoned, "[b]ecause the Fourth Amendment provides an explicit textual source of constitutional

protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Graham, 490 U.S. at 395. Therefore, the probable cause standard of the Fourth Amendment provides the appropriate analysis for Plaintiffs' illegal seizure claims.

Plaintiffs concede that the Fourth Amendment analysis is appropriate for Mr. Von Stange's claims, but they do not make the same concession in regard to Mrs. Stange's claims. Doc. 35 at 4. Instead, they assert that because there is a question of fact as to whether Mrs. Stange was ever in the custody of County Defendants, dismissal of her Fourteenth Amendment claims is premature.

This potential factual dispute has no bearing on the motion before the court. When ruling on a motion to dismiss this court considers the facts as alleged in the complaint. See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Id. The complaint must contain sufficient factual allegations to show that the plaintiff has a plausible, not merely possible, claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Mrs. Stange has not asserted an actionable, independent Fourteenth Amendment claim in her amended complaint. Rather, the facts alleged in

Plaintiffs' First Amended Complaint only make out claims for illegal seizure and excessive force during seizure.  For example, they allege that County Defendants detained Mrs. Stange for several hours at Albuquerque Police Department substations and at the Metropolitan Detention Center, depriving Mrs. Stange of oxygen during this time.  See Doc. 25 ¶¶ 25, 27, 30, 37.  For the reasons stated above, these claims are judged as a matter of law under the Fourth Amendment's objective reasonableness and probable cause standards, not the Fourteenth Amendment's substantive due process analysis.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

(1) the County Defendants' Motion to Dismiss No. 1: Dismissal of Plaintiffs' Fourteenth Amendment Excessive Force and Illegal Seizure Claims filed October 2, 2012 (Doc. 31) is granted; and

(2) the County Defendants' request for attorney's fees is denied.

DATED this 30th day of November 2012, at Santa Fe, New Mexico.

*/s/ Paul Kelly, Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:
Luis Robles, Robles, Rael & Anaya, P.C., Albuquerque, New Mexico, for County Defendants.

Jason J. Lewis, Morrissey | Lewis, LLC, Albuquerque, New Mexico, for Plaintiffs.