IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHARLA STANGE and EDWARD VON STANGE,<br><br>        Plaintiffs,<br><br>vs.<br><br>ROBYN BURGE, in her individual capacity, JASON SANCHEZ, in his individual capacity, NICK WILSON, in his individual capacity, JOHNNY YARA, in his individual capacity, TERRY STEPHENSON, in his individual capacity, JOHN DOES and JANE DOES (Albuquerque Police Department), in their individual capacities, and JOHN DOES and JANE DOES (Metropolitan Detention Center), in their individual capacities,<br><br>        Defendants. | No.  1:12-cv-00211-PJK-LFG |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant Robbin[1] Burge's Motion for Summary Judgment Based on Qualified Immunity filed March 1, 2013.  Doc. 80.  Upon consideration thereof, Defendant Burge's motion seeking qualified immunity on Counts I and II of the first amended complaint is well

---

[1] The correct spelling of Ms. Burge's first name appears to be "Robbin."

taken and should be granted.

## Background

On March 5, 2009, Plaintiffs Charla Stange and her son Charles Von Stange were arrested on suspicion of buying and selling stolen goods at a store known as Krazy Kat Records. Doc. 25 ¶¶ 9–14; Doc. 80 at 2, ¶¶ 1, 8. At the time of the arrests, Plaintiff Charla Stange suffered from chronic obstructive pulmonary disease and required supplemental oxygen via a nasal canula. Doc. 25 ¶ 16; Doc. 80 at 3, ¶ 9. Plaintiffs allege that they advised the Albuquerque police officers of her condition and need for continuous use of an oxygen tank. Doc. 25 ¶¶ 18–19. They assert that Plaintiff Charla Stange nevertheless was deprived of additional oxygen for several hours during her detention, causing her to suffer oxygen deprivation and requiring medical attention. Doc. 25 ¶¶ 27–34. Plaintiffs further allege that Plaintiff Charles Von Stange was handcuffed for an excessively long time period, causing numbness in his hands for months. Doc. 25 ¶¶ 43, 45, 47–56.

## Discussion

A.   Summary Judgment Standard

Summary judgment is appropriate under Fed. R. Civ. P. 56(a) "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  In applying this standard, the court reviews the evidence in the light most favorable to the nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  At the same time, Plaintiffs must go beyond the allegations in the complaint and come forward with significantly probative evidence that would support a verdict in their favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50 (1986).

A party seeking summary judgment must inform the court of the basis for its motion and identify those portions of the record that demonstrate the lack of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party seeking summary judgment is not required to negate his opponent's claim; he may challenge the non-movant's ability to prove his claim based upon the record, and at that point, the non-movant must go beyond the pleadings and demonstrate a genuine issue for trial.  Id. at 322–24.  As with any motion, a non-movant who does not respond to a movant's grounds for summary judgment does so at his peril and cannot complain when the district court issues an unfavorable ruling.  See United States v. Nacchio, 555 F.3d 1234, 1246–47 (10th Cir. 2009) (en banc).

B.   Qualified Immunity

Government officials performing discretionary functions are entitled to qualified immunity when their conduct does not violate clearly established rights of which a reasonable person would have known.  Pearson v. Callahan, 555 U.S.

-3-

223, 231–32 (2009). The Supreme Court has emphasized that qualified immunity should be decided early in the proceedings because it is immunity from suit (rather than a defense to liability) that is effectively lost if Defendants are required to go to trial. Id. Qualified immunity is a legal inquiry, but it may be applied to government officials' mistakes of law, mistakes of fact, or mistakes involving mixed questions of law and fact. Id.

Given a qualified immunity defense raised on summary judgment, a plaintiff must demonstrate how the facts (taken in the light most favorable to the plaintiff) make out a constitutional violation, and if so, whether the right is clearly established given these specific circumstances. Id. at 232; Cortez v. McCauley, 478 F.3d 1108, 1114 (10th Cir. 2007) (en banc). The court may decide these issues in any order. Pearson, 555 U.S. at 236. In this circuit, qualified immunity issues are almost always questions of law, decided by a court prior to trial. Keylon v. City of Albuquerque, 535 F.3d 1210, 1217 (10th Cir. 2008).

C.  Plaintiffs' Claims

In Count I, Plaintiffs contend that Defendants, including Defendant Burge, deprived Plaintiff Charla Stange access to oxygen, thereby using excessive force in the execution of her arrest. Doc. 25 ¶ 71. In Count II, Plaintiffs contend that Defendants, including Defendant Burge, kept Plaintiff Edward Von Stange in handcuffs for several hours, thereby using excessive force in the execution of his

-4-

arrest. Doc. 25 ¶ 77. The court previously ruled that the excessive force claims of the Plaintiffs arise under the Fourth, not the Fourteenth, Amendment. Doc. 47. It now appears that the gravamen of Plaintiff Charla Stange's claim is denial of adequate medical care, i.e. failure to provide oxygen. Under the Fourteenth Amendment's due process clause, pretrial detainees are protected against denial of adequate medical care (just as those convicted are so protected under the Eighth Amendment). Barrie v. Grand Cnty., 119 F.3d 862, 867 (10th Cir. 1997); Frohmader v. Wayne, 958 F.2d 1024, 1028 (10th Cir. 1992) (per curium). At a minimum, Plaintiff Charla Stange was required to show a substantial risk of serious harm and that Defendant Burge acted with deliberate indifference to that harm. Farmer v. Brennan, 511 U.S. 825, 837–38, 844 (1994); Estelle v. Gamble, 429 U.S. 97, 104–06 (1976).

D.   Application

The operative summary judgment facts establish that on March 5, 2009 at about 1:00 p.m., the Plaintiffs were arrested in connection with an investigation of buying and selling stolen goods. Doc. 80 at 2, ¶ 1. Defendant Burge led the investigation and, after a confidential informant made a controlled sale of stolen DVDs at the Krazy Kat store, Defendant Burge left to obtain a warrant and returned at 3:00 pm. Id. at ¶¶ 2, 6; at 3, ¶ 10–11. The Plaintiffs were transported to a police substation at about 8:00 pm and Defendant Burge had no further contact with them. Id. at 3–4, ¶¶ 17, 18. The Defendants were ultimately

transferred to the Metropolitan Detention Center (MDC).  Id. at 4, ¶ 19.  Plaintiff Charla Stange did not complain to Defendant Burge about a lack of oxygen during this time, nor did Plaintiff Edward Von Stange complain about being handcuffed or being handcuffed too tightly.  Id. at 3, ¶¶ 14–15; Doc. 84-2 at 2.  The handcuffs were removed entirely one time, and partially during another when Plaintiff Edward Von Stange asked to use the restroom.  Doc. 80 at 3, ¶ 16; 80-2 at 3.  During her deposition, Plaintiff Charla Stange conceded that she had no facts to support the claim that Defendant Burge deprived her of oxygen.  Doc. 80 at 4, ¶ 22.

    Plaintiffs suggest several additional facts.  Doc. 84 at 2–5.  There is no dispute that Defendant Burge was aware that Plaintiff Charla Stange was utilizing oxygen or that Plaintiff Edward Von Stange was handcuffed, at least during the period Defendant Burge was present.  Plaintiffs suggest that Plaintiff Edward von Stange was handcuffed for nine hours under Defendant Burge's direction; and thirteen hours in all.  Doc. 84 at 4.  Plaintiff Charla Stange initially told certain officers that she had plenty of oxygen, but asked to take extra tanks, and was told that arrangements had already been made.  Doc. 84-1 at 4.  Defendant Burge was informed of this.  Doc. 84-2 at 4; Doc. 84-4.

    Even assuming that Defendant Burge was responsible for the investigation and arrests, these additional facts fall short of establishing the subjective component of a deliberate indifference claim as to Plaintiff Charla Stange, that

Defendant Burge knew of the medical risk and disregarded it. No party disputes that Defendant Yara received assurance from the MDC that oxygen was available. Perhaps Defendant Burge could have done more to ensure orderly provision of oxygen, but negligence is insufficient for liability on the subjective element.[2] Martinez v. Beggs, 563 F.3d 1082, 1089 (10th Cir. 2009). Moreover, while Plaintiffs' amended complaint detailed the consequences of the lack of oxygen while at the MDC, Doc. 25 ¶¶ 31–34, on summary judgment, Plaintiffs cannot rely solely on the complaint to meet the objective component. The Tenth Circuit has required that claims of delay concerning medical care result in substantial harm. Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). Here, Plaintiffs have directed the court to no such evidence. Accordingly, Defendant Burge is entitled to qualified immunity on Plaintiff Charla Stange's claim for want of a constitutional violation.

As for Plaintiff Edward von Stange's claim of excessive force based upon being handcuffed, such claims generally turn on the objective reasonableness of what occurred given the severity of the crime at issue, any immediate threat to

---

[2] To the extent Plaintiffs are making a supervisory liability claim against Defendant Burge, they must demonstrate that her subordinates violated the Constitution and that she did also based upon her own conduct and state of mind. Dodds v. Richardson, 614 F.3d 1185, 1198 (10th Cir. 2010). Plaintiffs' response simply does not address the elements of a supervisory liability claim. See id. at 1199–1200 (requiring a link between the supervisory defendant and the policy, as well as causation and intent).

officer or bystander safety posed by the suspect, and whether the suspect actively resists or attempts to flee. Fisher v. City of Las Cruces, 584 F.3d 888, 894 (10th Cir. 2009). Here the suspected crime was buying and selling stolen goods and the suspects were detained while a search warrant was obtained and executed. Nothing suggests that the suspects posed any immediate threat to anyone, resisted, or attempted to flee. Even accepting Plaintiffs' characterization of the alleged offense as low-severity and non-violent, Doc. 84 at 10, however, the Tenth Circuit has observed that "in nearly every situation where an arrest is authorized, or police reasonably believe public safety requires physical restraint, handcuffing is appropriate." Fisher, 584 F.3d at 896.

When it comes to the manner of handcuffing, the Tenth Circuit requires evidence of actual injury, be it physical or emotional; self diagnosis is insufficient. See Cortez, 478 F.3d at 1129 n.25. Although Plaintiffs now disclaim reliance on a "tight handcuffing" theory, Doc. 84 at 7 n.1, it is undisputed that Plaintiff Edward Stange did not complain about being handcuffed, at least in the presence of Defendant Burge. Doc. 80-2 at 3. In fact, on two occasions, he was permitted to use the restroom, and his handcuffs were removed completely during his second visit. Id.

Though the parties argue about whether extended handcuffing is proper under Muehler v. Mena, 544 U.S. 93 (2005), handcuffing remains the traditional method of effecting an arrest. Fisher, 584 F.3d at 896. In Muehler, the Court

decided that no Fourth Amendment violation occurred where a detainee was held in handcuffs for two to three hours. 544 U.S at 100. Here, an arrestee was held in handcuffs for many hours, while twice allowed to use the restroom. Police probably have greater leeway in making an arrest versus an investigative detention. See Cortez, 478 F.3d at 1126 (suggesting that police may use greater force). But Plaintiffs have not suggested any case from the Supreme Court or Tenth Circuit or the weight of authority from other circuits that could have put Defendant Burge on notice that the duration of the handcuffing (whether it be nine or 13 hours), without any additional showing of harm, would be constitutionally impermissible. See Gann v. Cline, 519 F.3d 1090, 1092 (10th Cir. 2008). Nor does the court consider this case to be one where such authority is unnecessary given the obviousness of the harm. See Hope v. Pelzer, 536 U.S. 730, 739, 741 (2002). The court notes that a substantial part of the handcuffing occurred while Defendants obtained and executed a search warrant. Accordingly, Defendant Burge is entitled to qualified immunity on this claim for want of clearly established law.

    NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant Robbin Burge's Motion for Summary Judgment Based on Qualified Immunity filed March 1, 2013 is granted.

    DATED this 30th day of April 2013, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Jason J. Lewis and Kari Morrissey, Morrissey Lewis, LLC, Albuquerque, New Mexico, for Plaintiffs.

W. Ann Maggiore and Christopher Ryan, Butt Thornton & Baehr PC, Albuquerque, New Mexico, for Defendant Burge.

-10-